UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL OHREE

    Plaintiff,

v.                            CASE NO: 3:12-CV-169-J-37EM

                                          6:12-CV-257-ORL-18 DAB

VITAS HOSPICE SERVICES, LLC.
d/b/a VITAS INNOVATIVE HOSPICE CARE

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    **COMES NOW** the Plaintiff, MICHAEL OHREE, by and through the undersigned counsel, and alleges the following:

    1.    This is an action instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et. seq. for damages based on an employment practice committed by the Defendant, **VITAS HOSPICE SERVICES, LLC. d/b/a VITAS INNOVATIVE HOSPICE CARE.** Jurisdiction of this Court is invoked pursuant to Sec. 706(f) of Title VII, 42 U.S.C. Sec. 2000e-5(f).

    2.    The claims asserted in this complaint arose in the above named District and Division. Plaintiff is a citizen of the United States and was a resident of the County of Flagler, State of Florida, during the course of his employment with Defendant. Plaintiff is currently a resident of the County of Flagler, State of Florida.

    3.    Defendant, **VITAS HOSPICE SERVICES, LLC. d/b/a VITAS INNOVATIVE HOSPICE CARE**, is a corporation incorporated under the laws of the State of Delaware. Any and all allegations contained herein occurred at Defendant's location at Flagler

County, Florida..

4. Defendant is an employer for the purposes of Title VII under 42 U.S.C. Sec. 2000(e).

5. All conditions precedent to jurisdiction have occurred or have been complied with pursuant to 42 U.S.C. Sec. 2000e in that:

   a. A charge of employment discrimination was filed by Plaintiff with the Equal Employment Opportunity Commission within three hundred days (300) of the unlawful employment practice;

   b. Notification of a right to sue was received by Plaintiff on or about November 21, 2011; and

   c. This Complaint has been filed within ninety days (90) of the receipt of such notice under Sec. 2000e-5(f)(1). See Exhibit "A" attached hereto and incorporated herein.

## COUNT I: TERMINATION BASED UPON SEX

6. Plaintiff began employment with defendant on or about October, 2007.

7. Plaintiff was terminated from the employment by the Defendant on or about January, 2009.

8. Plaintiff's sex is male and an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 29 U.S.C. § 2000 e et. seq.

9. At the time that Plaintiff was last employed by the Defendant, Plaintiff held the position of a sales representative with Defendant's business wherein Plaintiff generated referrals for hospice care provided by the Defendant.

10. At the time the Plaintiff was terminated from employment, Defendant gave reasons that Plaintiff did not meet referral goals for Defendant's business.

11. Prior to Plaintiff's termination from employment, Defendant granted opportunities to Defendant's female sales representatives holding the same position as the Plaintiff to generate referrals which were not granted to the Plaintiff.

12. Those opportunities included disbursing monies for Physician Advisory Council meetings to meet with potential referral sources, and providing those employees with more favorable sales territories among other additional opportunities.

13. Defendant additionally did not discipline the Plaintiff in the manner similar to other female sales representatives with referrals figures similar to the plaintiff.

14. Plaintiff was terminated based upon plaintiffs sex in violation of the Federal equal employment opportunities act, 42 U.S.C. section 2000 e. et seq.

15. At all times alleged hereto Plaintiff performed Plaintiff's job duties for the Defendant in a successful and competent manner.

16. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

17. As a result of Plaintiff's unlawful termination, Plaintiff has suffered loss wages Plaintiff would have earned had Plaintiff remain employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered the value of lost benefits which would have accrued had Plaintiff remained employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered mental anguish and humiliation.

18. Plaintiff, MICHAEL OHREE, has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, MICHAEL OHREE, demands damages for the following:

A. An Order enjoining Defendant from any past or future violations of the Federal

Equal Employment Opportunities Act.

B. Damages for lost past and future wages and benefits Plaintiff would have earned had Plaintiff remained employed by Defendant.

C. Compensatory damages for Plaintiff's mental anguish, embarrassment, humiliation and other sums to which Plaintiff, MICHAEL OHREE, is entitled pursuant to 42 U.S.C. §2000e et. seq.

D. Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

D. Punitive damages for Defendant's reckless and intentional violation of the act.

E. Granting such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's unlawful employment practices.

F. Trial by jury.

## COUNT II: TERMINATION BASED UPON RACE

19. Plaintiff began employment with defendant on or about October, 2007.

20. Plaintiff was terminated from the employment by the Defendant on or about January, 2009.

21. Plaintiff is dark skinned, and an individual recognizable whose National origin is from a country other than the United States and an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 29 U.S.C. Section 2000 e et. seq.

22. At the time that Plaintiff was last employed by the Defendant, Plaintiff held the position of a sales representative with Defendant's business wherein Plaintiff generated referrals for hospice care provided by the Defendant.

23. At the time the Plaintiff was terminated from employment, Defendant gave

reasons that Plaintiff did not meet referral goals for Defendant's business.

24. Prior to Plaintiff's termination from employment, Defendant granted opportunities to Defendant's Caucasian sales representatives holding the same position as the Plaintiff to generate referrals which were not granted to the Plaintiff.

25. Those opportunities included disbursing monies for Physician Advisory Council meetings to meet with potential referral sources, and providing those employees with more favorable sales territories among other additional opportunities.

26. Defendant additionally did not discipline the Plaintiff in the manner similar to other Caucasian sales representatives with referrals similar to the Plaintiff.

27. Plaintiff was terminated based upon Plaintiff's sex in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. §2000 e. et seq.

28. At all times alleged hereto Plaintiff performed Plaintiff's job duties for the Defendant in a successful and competent manner.

29. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

30. As a result of Plaintiff's unlawful termination, Plaintiff has suffered loss wages Plaintiff would have earned had Plaintiff remain employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered the value of lost benefits which would have accrued had Plaintiff remained employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered mental anguish and humiliation.

31. Plaintiff, MICHAEL OHREE, has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, MICHAEL OHREE, demands damages for the following:

A.  An Order enjoining Defendant from any past or future violations of the Federal Equal Employment Opportunities Act.

B.  Damages for lost past and future wages and benefits Plaintiff would have earned had Plaintiff remained employed by Defendant.

C.  Compensatory damages for Plaintiff's mental anguish, embarrassment, humiliation and other sums to which Plaintiff, MICHAEL OHREE, is entitled pursuant to 42 U.S.C. §2000e et. seq.

D.  Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

D.  Punitive damages for Defendant's reckless and intentional violation of the act.

E.  Granting such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's unlawful employment practices.

F.  Trial by jury.

## COUNT III- TERMINATION BASED UPON NATIONAL ORIGIN

32. Plaintiff began employment with Defendant on or about October, 2007.

33. Plaintiff was terminated from the employment by the Defendant on or about January, 2009.

34. Plaintiff's national origin is the country is Trinidad and is an individual whose status is protected pursuant to the Federal Equal Employment Opportunities Act, 29 U.S.C. Section 2000 e et. seq.

35. At the time that Plaintiff was last employed by the Defendant, Plaintiff held the position of a sales representative with Defendant's business wherein Plaintiff generated referrals for hospice care provided by the Defendant.

36. At the time the Plaintiff was terminated from employment, Defendant gave reasons that Plaintiff did not meet referral goals for Defendant's business.

37. Prior to Plaintiff's termination from employment, Defendant granted opportunities to Defendant's female sales representatives holding the same position as the Plaintiff to generate referrals which were not granted to the Plaintiff.

38. Those opportunities included disbursing monies for Physician Advisory Council meetings to meet with potential referral sources, and providing those employees with more favorable sales territories among other additional opportunities.

39. Defendant additionally did not discipline the Plaintiff in the manner similar to other female sales representatives with referral similar to the plaintiff.

40. Plaintiff was terminated based upon Plaintiff's sex in violation of the Federal Equal Employment Opportunities Act, 42 U.S.C. §2000 e. et seq.

41. At all times alleged hereto Plaintiff performed Plaintiff's job duties for the Defendant in a successful and competent manner.

42. Defendant's actions in terminating Plaintiff from employment were willful and intentional.

43. As a result of Plaintiff's unlawful termination, Plaintiff has suffered loss wages Plaintiff would have earned had Plaintiff remain employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered the value of lost benefits which would have accrued had Plaintiff remained employed by the Defendant and will suffer those losses in the future. Plaintiff has additionally suffered mental anguish and humiliation.

44. Plaintiff, MICHAEL OHREE, has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

WHEREFORE, Plaintiff, MICHAEL OHREE, demands damages for the following:

A. An Order enjoining Defendant from any past or future violations of the Federal Equal Employment Opportunities Act.

B. Damages for lost past and future wages and benefits Plaintiff would have earned had Plaintiff remained employed by Defendant.

C. Compensatory damages for Plaintiff's mental anguish, embarrassment, humiliation and other sums to which Plaintiff, MICHAEL OHREE, is entitled pursuant to 42 U.S.C. §2000e et. seq.

D. Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k).

D. Punitive damages for Defendant's reckless and intentional violation of the act.

E. Granting such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's unlawful employment practices.

F. Trial by jury.

Respectfully submitted on February 15, 2012.

DAVID W. GLASSER, ESQUIRE
116 Orange Avenue
Daytona Beach, Florida 32114
Telephone: 386-252-0175
Facsimile: 386-257-0246
Fla. Bar No. 780022
Email: dglasser1@att.net
Attorney for Plaintiff

F:\Files\LL\K-O\Ohree, Michael\Complaint.wpd

EEOC Form 161 (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Michael Ohree | From: Miami District Office<br>2 South Biscayne Blvd<br>Suite 2700<br>Miami, FL 33131 |
|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2009-05574 | MARIO R. HERNANDEZ, Investigator | (305) 808-1746 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Nitza Santz Wright*
/ MALCOLM S. MEDLEY,
District Director

NOV 17 2011

Enclosures(s)    *(Date Mailed)*

cc: **Respondent's Representative**
Dean A. Robertson
VITAS INNOVATIVE HOSPICE CARE
100 South Biscayne Boulevard, Suite 1500
Miami, FL 33131